IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-00437-AP**

**ROSALIND D. PAYNE,**

      Plaintiff,

v.

**MICHAEL J. ASTRUE**, Commissioner of Social Security,

      Defendant.

---

## ORDER

Kane, J.

      This matter is currently before me on Defendant's Motion to Dismiss (doc.10).  Because Plaintiff has demonstrated extraordinary circumstances justifying the equitable tolling of the limitations period, Defendant's motion is DENIED.

### Background

      On August 7, 2007, Ms. Payne filed an application for supplemental security income.  After her claim was initially denied on January 8, 2008, she filed a request for a hearing.  An initial hearing was held on May 18, 2010, and a supplemental hearing was held on July 6, 2010.  Shortly thereafter, an administrative law judge denied her application a second time, finding that she was not disabled within the meaning of the Social Security Act.

      Ms. Payne appealed the ALJ's denial of her application to the Social Security Appeals Council.  On December 12, 2011, the appeals council denied her request for review.  On February 18, 2012, Ms. Payne filed the instant action, appealing the Social Security

Administration's denial of her disability claim.

### Discussion

Pursuant to the Social Security Administration's regulations, Ms. Payne had sixty days from the receipt of the appeals council's notice denying her request to file a civil action challenging the denial of her claim.  *See* 42 U.S.C. § 405(g).  Absent evidence to the contrary, she was presumed to have received that notice five days after the date of the appeals council's decision.  *See* 20 C.F.R. § 416.1401.  Thus, Ms. Payne was required to file her civil action on or before February 15, 2012.  Unfortunately, however, she filed her civil action on February 18, 2012 – three days beyond the filing deadline.

Ms. Payne does not deny that she failed to comply with this deadline, or that this regulation is unlawful.  Instead, she requests that I waive the statutory deadline because of the inadvertent mistake of her attorney.

The terms of the Social Security Act are clear, *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and waivers of sovereign immunity must be strictly construed.  *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).  In the context of Social Security appeals, Congress has conditioned its waiver of sovereign immunity on the sixty-day statute of limitations, but this requirement is not jurisdictional.  *See id.* at 480.  Accordingly, the limitations period may be equitably tolled if Ms. Payne has diligently pursued her claims and demonstrates that her failure to timely file was caused by extraordinary circumstances beyond her control.  *See Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir.2007).

I am sympathetic to Ms. Payne's arguments.  Her attorney suffers from an ailment that limits her ability to monitor deadlines and other case-related matters.  Ordinarily, she employs a

legal assistant to alleviate these difficulties.  At the time of the relevant deadline, however, she was working without a legal assistant and miscalculated the date on which Ms. Payne's filing was due.  In light of these extraordinary circumstances, and the *de minimus* nature of the delay, I find it appropriate to equitably toll the deadline in this case.

**Conclusion**

Although Ms. Payne's complaint was filed beyond the statute of limitations, she has demonstrated extraordinary circumstances justifying the equitable tolling of the limitations period.  Accordingly, Defendant's Motion to Dismiss is DENIED.  Defendants shall file an answer in this matter no later than June 22, 2012.

Dated: June 4, 2012                                                          BY THE COURT:

**/s/ John L.  Kane**
Senior U.S. District Court Judge